IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MO-KAN TEAMSTERS PENSION FUND,)
a Trust Fund, et al.,                            )
                                                 )
            Plaintiffs,                          )
                                                 )
      v.                                         )        Case No. 05-0683-CV-W-HFS
                                                 )
D&M SERVICE, INC.,                               )
                                                 )
            Defendant.                           )

**ORDER TO SHOW CAUSE**

Plaintiffs have filed a motion for default judgment and a motion to strike defendant's response to a show cause order. By way of background, plaintiffs served defendant on July 30, 2005. When defendant did not file an answer or other response to the complaint, plaintiffs filed a motion for default judgment on August 31, 2005. Then the court entered an order directed defendant to show cause why a default judgment should not be entered.

Defendant filed a letter in response to the show cause order on September 15, 2005, disputing plaintiffs' allegations that it owes unpaid fringe benefit contributions. Plaintiffs then filed a motion to strike that response because it was filed by defendant's president, Cynthia Puckett. It is settled law that a corporation may not represent itself in litigation but instead must be represented by a licensed attorney. Carr Enterprises, Inc. v. United States, 698 F.2d 952, 953 (8th Cir. 1983); Amteco, Inc. v. BWAY Corp., 241 F. Supp. 2d 1028, 1030 (E.D. Mo. 2003) (quoting Carr). A president or other corporate officer is not permitted to represent a corporation unless he or she is an attorney. Here, although Puckett is the president of D&M Services, Inc., she is not a licensed

attorney.  Therefore, defendant's response to the show cause order that Puckett filed must be stricken from the record.

Having stricken defendant's response, the court must now consider the propriety of granting plaintiffs' motion for default judgment at this time.  As noted in the show cause order, under Rule 55, "entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." Webster Indus., Inc. v. Northwood Doors, Inc., 244 F. Supp. 2d 998, 1003 (N.D. Iowa 2003). Plaintiffs' motion appears to skip over the entry of default step.  Defendant is undeniably in default, so pursuant to Rule 55(a), the court will enter a default against it.  In their motion, plaintiffs seek a default judgment of $80,902.83 for unpaid fringe benefit contributions through December 31, 2004. They also seek an accounting of defendant's business records to ascertain (and then seek judgment for) unpaid fringe benefit contributions from January 1, 2005 to date.  Given the substantial sum that plaintiffs seek and the fact that the law disfavors default judgments, the court will give defendant one final opportunity to be heard prior to the entering of a default judgment.  It is possible, for instance, that defendant and its president did not understand the requirement of having a licensed attorney to defend the corporation in court.  If defendant still fails to respond through counsel to this order, a default judgment will be entered without further notice.

Accordingly, it is hereby

ORDERED that plaintiffs' motion to strike (ECF doc. 10) is GRANTED.  The clerk of the court is directed to strike defendant's response to the show cause order (ECF doc. 9) from the record. It is further

ORDERED that plaintiffs' motion for default judgment (ECF doc. 5) is GRANTED IN PART, in that defendant D&M Services, Inc. is hereby declared in default.  It is further

Case 4:05-cv-00683-HFS   Document 12   Filed 06/27/06   Page 2 of 3

ORDERED that defendant D&M Services, Inc. SHOW CAUSE in writing within 14 days of the date of this order why a judgment of default should not be entered against it and in favor of plaintiffs. If defendant fails to file a response by and through a licensed attorney within 14 days, the court will enter a judgment by default against defendant without further notice. It is further

ORDERED that the clerk of the court shall send a copy of this order by regular and certified mail, return receipt requested, to: Cynthia Puckett, President, D&M Service, Inc., 13709 Woodend Road, Bonner Springs, KS 66012.


/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

June 27, 2006

Kansas City, Missouri